UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES of AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 2: 12-13-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JOSEPH ALDON WEIR, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

As noted in the Court's earlier opinion filed on October, 30, 2012, Joseph Weir was indicted on March 8, 2012 on four felony counts: interstate kidnapping, brandishing a firearm in furtherance of a crime of violence, armed bank robbery, and possessing a firearm in furtherance of a crime of violence. [Record No. 1] Before the indictment was returned by the federal grand jury Weir gave a statement to law enforcement during an interview conducted on February 5, 2012.

On October 16, 2012, Weir filed a motion to suppress his February 5th statement. [Record No. 47] He argues that his did not validly waive his *Miranda* rights because he did not do so explicitly and because, at one point, he expressed uncertainty about whether or not to give a statement. Additionally, he contends that he had "been using heroine for the days immediately proceeding his arrest on February 5, 2012," and "maintains that on that date he was under the influence of the narcotic." [Record No. 47, p. 2] As a result, he asserts that he was unable to make an informed decision to waive his Miranda rights and, therefore, his statement to the

-1-

detective was not voluntary. A hearing on the matter was held on October 29, 2012. For the reasons explained below, the Court will deny Weir's motion to suppress.

**I.**

Weir is charged with committing a kidnapping on May 31, 2011. On June 16, 2011, a tip from Crime Stoppers identified Weir as a suspect in the kidnapping. On June 28, 2011, law enforcement officers attempted to interview Weir concerning the kidnapping, but he gave only his name and date of birth, and refused to answer any other questions.

The Indictment also alleges that Weir committed a bank robbery on December 5, 2011. On January 31, 2012, Weir appeared in Kenton Circuit Court for an unrelated matter. On the same date, Cindy Applegate, Weir's girlfriend, was interviewed by law enforcement and gave a statement linking Weir to the bank robbery. Weir was taken into custody for questioning on February 5, 2012. Detective Jim West conducted the interview. Weir admitted to him that he had smoked marijuana and taken prescription pain medication prior to the interview, but he denied any heroin use. Weir was sweaty and he vomited several times throughout the course of the interview. He indicated that he had a "stomach bug." [Record No. 47, p. 2]

The Court has reviewed the video recording of the February 5, 2012 interview, as well as the transcript of that proceeding. Portions of the transcript are reproduced in Weir's motion [Record No. 47, pp. 2-5] For the purposes of the motion to suppress, the relevant parts of the interview are as follows:

(1)  After Detective West read Weir his Miranda rights, he asked "do you understand each of these rights that I've explained to you?" Weir nodded and said "Uh-huh yes." When Detective West reiterated that Weir had the right to "stop questioning at any time," Weir stated "okay I understand I can invoke my rights." Prompted

    by Detective West, Weir then repeated: "I said I understand I can invoke my rights." He followed with: "And plead the fifth or whatever, I know."

  (2) After answering several questions about his personal history, Weir expressed his uncertainty about whether to give a statement concerning the bank robbery. He began by saying "I am honestly un-decisive you know, I'm undecided . . . of making a statement." However, he immediately followed up with the statement that "I'm not saying you know hey I want an attorney I'm not saying the word."

After these discussions, Detective West told Weir that he had spoken to Cindy Applegate, who had given "her side of the story," and that he had access to video and photographs from the bank. [*Id.*, p. 4] At this point, Weir indicated his willingness to talk. [*Id.*, p. 5 ("Before I say anything I want to keep Cindy out of it.")] He then confessed to both the bank robbery and the earlier kidnapping.

## II.

It is well-established that "incriminating statements elicited from suspects in custody cannot be admitted at trial unless the suspect was first advised of his or her *Miranda* rights."[1] *United States v. Salvo*, 133 F.3d 943, 948 (6th Cir. 1998) (citing *Stansbury v. California*, 511 U.S. 318, 322 (1994)). After a suspect has been advised of those rights, he or she may waive them, provided that waiver is "voluntary, knowing and intelligent, under the totality of circumstances." *United States v. Walls*, 116 F. App'x 713, 717 (6th Cir. 2004). According to the Supreme Court, "[t]he voluntariness of a waiver of this privilege has always depended on the absence of police overreaching." *Colorado v. Connelly*, 479 U.S. 157, 168 (1986).

---

[1] The government does not dispute that Weir's confession was made during the course of a custodial interrogation. [Record No. 51, p. 1] The videotape of the interview indicates that Weir was handcuffed to the chair throughout the questioning, which consisted of a "series of questions over several hours regarding in the Indictment." [Record No. 47, p. 6]

The government has the burden of proving a valid waiver by a preponderance of the evidence. *United States v. Jones*, 205 F. App'x 327, 334 (6th Cir. 2006); *Connelly*, 479 U.S. at 168. "Only if the 'totality of the circumstances surrounding the interrogation' reveals both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the *Miranda* rights have been waived." *Moran v. Burbine*, 475 U.S. 412, 421 (1986) (quoting *Fare v. Michael C.*, 442 U.S. 707, 725 (1979)).

### A.     Waiver of *Miranda* Rights

Weir contends that even though he expressed his understanding of his Miranda rights, he did not "give an affirmative statement" regarding his waiver of those rights. [Record No. 47, p. 7] According to Weir, Detective West violated his constitutional rights when he continued the interrogation despite the lack of a clear and affirmative waiver. The government, however, argues that Weir's waiver could reasonably be implied from the circumstances. The United States is clearly correct regarding this issue.

To be valid, a waiver of *Miranda* rights must be voluntary. However, it is not necessary that the waiver be in writing. Moreover, "an explicit statement of waiver is not invariably necessary to support a finding that the defendant waived the right to remain silent or the right to counsel guaranteed by the *Miranda* case." *North Carolina v. Butler*, 441 U.S. 369, 375 (1979). Waiver "'may be clearly inferred . . . when a defendant, after being properly informed of his rights and indicating that he understands them, nevertheless does nothing to invoke those rights' and speaks."[2] *United States v. Adams*, 583 F.3d 457, 467 (6th Cir. 2009) (quoting *United*

---

[2]     This case is distinguishable from the Sixth Circuit's recent holding in *United States v. Scott*, 693 F.3d 715 (6th Cir. 2012), in which the defendant filled out an "Advice of Rights" form and answered "no" to the

*States v. Nichols*, 512 F.3d 789, 798 (6th Cir. 2008)). Here, Weir indicated several times that he understood his rights. [Record No. 47, pp. 2-3] Thus, the fact that he continued to talk to Detective West indicates that he impliedly waived his *Miranda* rights. After considering the totality of the circumstances, the Court finds that Weir impliedly waived his rights.

Weir contends that his comment "I'm undecided . . . of making a statement" constitutes an "equivocal waiver of his right to counsel." [*Id.*, p. 7] Once a "suspect effectively waives his right to counsel after receiving the *Miranda* warnings, law enforcement officers are free to question him." *Davis v. United States*, 512 U.S. 452, 458 (1994). If, after that point, the suspect requests counsel, the officers must cease questioning "until a lawyer has been made available or the suspect himself reinitiates conversation." *Id.* However, a "suspect must unambiguously request counsel" to trigger the cessation of questioning. *Id.* at 459. In other words, "he must articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney." *Id.* The government is correct in asserting that Weir "never clearly invoked his rights during the February 5, 2012 interview." [Record No. 51, p. 3] If anything, he indicated quite the opposite when he stated: "I'm not saying you know hey I want an attorney." [Record No. 47, p. 3]

Weir maintains that, because he did not explicitly waive his *Miranda* rights before expressing that he was "undecided," that ambiguous request for counsel triggered a duty on the part of Detective West to clarify his statement. This argument is without merit. Weir expressly stated his understanding that he did not have to make a statement. In light of that fact, his

---

question "do you wish to talk to us now?" *Id.* at 719. Here, there was no form waiver and Weir never made an unequivocal statement that he did not wish to proceed with questioning.

comment "I'm undecided . . . you know of making a statement," rather than being ambiguous, actually indicates that he was considering his options and was aware that not making a statement was one of those options. [Record No. 47, p. 3]

Even if his statement was ambiguous, Detective West had no duty "to stop [questioning] until the ambiguity is resolved." Weir cites two state court cases for this premise, neither of which dictate that Weir's confession should be suppressed because they are distinguishable from the situation here. *See State v. Collins*, 937 So. 2d 86, 93 (Ala. Crim. App. 2005) (concluding that defendant's question during *Miranda* warning about "how long she would have to wait to obtain counsel" indicated her confusion about the rights she later waived in writing); *State v. Leyva*, 951 P.2d 738, 744 (Utah 1997) (finding valid waiver where defendant responded "I don't know" when asked if he wanted to speak to officers but then answered questions after clarification that answering questions was "up to [him]"). Here, Weir clearly and expressly stated "I understand I can invoke my rights," not once but twice, and then followed up with "[a]nd plead the fifth or whatever, I know." [Record No. 47, p. 3] His later ambiguous statement did not indicate confusion regarding the rights contained in the *Miranda* warning. Therefore, Detective West had no need to ask further questions to clarify Weir's understanding of the *Miranda* rights when he expressed his personal uncertainty about whether or not to invoke those rights.

Contrary to Weir's assertion, Detective West's failure to clarify Weir's "equivocal waiver of his right to counsel" did not render the resulting statement of guilt inadmissible. [Record No. 47, p. 7] Weir "receive[d] adequate *Miranda* warnings, underst[ood] them, and ha[d] an

opportunity to invoke the rights before giving any answers or admissions." *Berghuis v. Thompkins*, 130 S. Ct. 2250, 2263 (2010). Thus, his waiver was valid and his rights were not violated.

**B.     Sobriety**

Weir asserts that he was unable to knowingly or intelligently waive his *Miranda* rights because he was intoxicated during his interrogation. He maintains that during his previous interview with law enforcement on June 28, 2011, he "steadfastly refused to speak with the officers" who interrogated him. [Record No. 47, p. 8] Weir argues that this earlier refusal demonstrates that his ability to validly waive his *Miranda* rights was compromised on November 5, 2011.

The fact that a defendant was under the influence of drugs or alcohol at the time of his interrogation is not sufficient, on its own, to require the Court to find that a *Miranda* waiver was invalid. In *United States v. Dunn*, 269 F. App'x 567 (6th Cir. 2008), the Sixth Circuit concluded that a waiver made under the influence of Vicodin and marijuana was legitimate because the defendant was "alert and quick to respond to questions." *Id.* at 573; *see also United States v. Hamilton*, 445 F. App'x 841, 844 (6th Cir. 2011); *United States v. Montgomery*, 621 F.3d 568, 573 (6th Cir. 2010). Other Circuits have also concluded that "a defendant must be impaired to a substantial degree to overcome his ability to knowingly and intelligently waive his privilege against self-incrimination." *United States v. Burson*, 531 F.3d 1254, 1258 (10th Cir. 2008). Specifically,

> Where the government puts forth evidence showing the defendant was sufficiently in touch with reality so that he knew his rights and the consequences of

opportunity to invoke the rights before giving any answers or admissions." *Berghuis v. Thompkins*, 130 S. Ct. 2250, 2263 (2010). Thus, his waiver was valid and his rights were not violated.

**B.     Sobriety**

Weir asserts that he was unable to knowingly or intelligently waive his *Miranda* rights because he was intoxicated during his interrogation. He maintains that during his previous interview with law enforcement on June 28, 2011, he "steadfastly refused to speak with the officers" who interrogated him. [Record No. 47, p. 8] Weir argues that this earlier refusal demonstrates that his ability to validly waive his *Miranda* rights was compromised on November 5, 2011.

The fact that a defendant was under the influence of drugs or alcohol at the time of his interrogation is not sufficient, on its own, to require the Court to find that a *Miranda* waiver was invalid. In *United States v. Dunn*, 269 F. App'x 567 (6th Cir. 2008), the Sixth Circuit concluded that a waiver made under the influence of Vicodin and marijuana was legitimate because the defendant was "alert and quick to respond to questions." *Id.* at 573; *see also United States v. Hamilton*, 445 F. App'x 841, 844 (6th Cir. 2011); *United States v. Montgomery*, 621 F.3d 568, 573 (6th Cir. 2010). Other Circuits have also concluded that "a defendant must be impaired to a substantial degree to overcome his ability to knowingly and intelligently waive his privilege against self-incrimination." *United States v. Burson*, 531 F.3d 1254, 1258 (10th Cir. 2008). Specifically,

> Where the government puts forth evidence showing the defendant was sufficiently in touch with reality so that he knew his rights and the consequences of

abandoning them, the defendant must point to facts sufficient to overcome that showing. The mere fact of drug or alcohol use will not suffice. The defendant must produce evidence showing his condition was such that it rose to the level of substantial impairment.

*Id.*

The transcript and recording indicate that Weir was "alert, cooperative, and able to form questions while at the police station." *Hamilton*, 445 F. App'x at 844. At the October 29, 2012 hearing, Officer Jennifer Rudolph stated the Weir was aware of where he was and exhibited no slurred speech on February 5, 2012. Similarly, Detective West described Weir as showing no signs of intoxication on the day of the interview. A review of the videotaped interview confirms these impressions.[3] Moreover, during the interview, Weir recalled his personal information and the details of the crimes committed with great specificity, which was later verified through extrinsic sources.[4] Weir has failed to present evidence to dispute this finding by demonstrating his substantial impairment during the interrogation. Therefore, the Court concludes that Weir was "sufficiently in touch with reality" and that his *Miranda* waiver was knowing and intelligent.[5] *Burson*, 531 F.3d at 1258.

---

[3] For example, Weir asked if the bank robbery charges would be brought in federal court. This indicates that he was aware of his surroundings and the possible consequences of his actions.

[4] For instance, questioning at the hearing established that during the February 5, 2012 interview, Weir correctly related information regarding: (1) the teams playing in the Super Bowl, which was taking place that day; (2) his work history; and (3) an offense committed by one of his acquaintances. He recalled his fiancee's mother's phone number. Additionally, he gave Detective West details of the offenses that were independently corroborated through the police investigation. A review of the interrogation transcript and video confirms that Weir made these statements.

[5] Because the Court concludes that Weir was not substantially impaired, it need not reach the question raised at the hearing regarding the admissibility of previous hearing testimony.

Finally, Weir maintains that his confession was not made voluntarily. He contends that the Court must consider the totality of the circumstances, including his intoxication, to determine the voluntariness of the confession. *United States v. Williams*, 612 F.3d 417, 420-21 (6th Cir. 2010). However, the Supreme Court has held that "coercive police activity is a necessary predicate to the finding that a confession is not "voluntary" within the meaning of the Due Process Clause of the Fourteenth Amendment." *Connelly*, 479 U.S. at 167. A confession is involuntary due to police coercion if "(i) the police activity was objectively coercive; (ii) the coercion in question was sufficient to overbear the defendant's will; and (iii) the alleged police misconduct was the crucial motivating factor in the defendant's decision to offer the statement." *United States v. Miggins*, 302 F.3d 384, 397 (6th Cir. 2002) (internal quotation marks omitted). Weir has failed to establish that his statement was the product of any police coercion. It is true that when a suspect suffers from intoxication, "and the incapacity is known to interrogating officers, a lesser quantum of coercion is necessary to call a confession into question." *Murphy v. Ohio*, 551 F.3d 485, 514 (6th Cir. 2009) (internal quotation marks omitted). However, Weir specifically told the detective that he had a "bug" and even mentioned after vomiting for the first time that "[t]his situation just got me," indicating that his vomiting was stress-induced. Thus, Weir's vomiting was not enough to alert Detective West to the fact that he was intoxicated. In short, because Weir has not established that he was severely impaired, nor that Detective West suspected such a condition, the Court finds that his confession was made voluntarily.

**III.**

For the foregoing reasons, the Court concludes that Weir's waiver of his *Miranda* rights was voluntary, informed, and intelligent. Accordingly, it is hereby

**ORDERED** that Defendant Joseph Aldon Weir's Motion to Suppress [Record No. 47] is **DENIED**.

This 31st day of October, 2012.



Signed By:
*Danny C. Reeves* DCR
United States District Judge